Order filed December 21,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00149-CR

                                                    __________

 

                              RANDY
VIRGIL ECHOLS, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 220th District Court

                                                        Comanche
County, Texas

                                                  Trial
Court Cause No. CR-03450

 



 

O
R D E R

            The
jury convicted Randy Virgil Echols of indecency with a child by contact and
assessed his punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of twenty years.  We abate the
appeal and remand to the trial court for appointment of new appellate counsel.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel asserts that he has professionally and
conscientiously examined the record and applicable law and that he has
concluded that the appeal is frivolous.  Counsel has provided appellant with a
copy of the brief and advised appellant of his right to review the record and
file a response to counsel’s brief.  It appears that court-appointed counsel
has attempted to comply with the requirements of Anders v. California,
386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403 (Tex. Crim. App.
2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d 173 (Tex.
App.—Eastland 2005, no pet.).

Appellant
has filed a pro se response to counsel’s motion to withdraw and supporting
brief.  In addressing an Anders brief and pro se response, a court of
appeals may only determine (1) that the appeal is wholly frivolous and issue an
opinion explaining that it has reviewed the record and finds no reversible
error or (2) that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues.  Schulman,
252 S.W.3d 403; Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).

Following
the procedures outlined in Anders and Schulman, we have
independently re-viewed the record, and we disagree with court-appointed
counsel’s conclusion that an appeal would be frivolous. We note that the trial occurred
over the course of multiple days.  Approximately eleven witnesses testified,
including appellant, during the guilt/innocence phase.  In the court’s
perspective, an appeal arising from a contested trial on guilt/innocence is not
readily amenable to disposition under Anders.  At a minimum, a challenge
to the sufficiency of the evidence would appear to present arguable grounds on
appeal.

            Accordingly,
we grant counsel’s motion to withdraw, abate this proceeding, and remand the
case to the trial court for appointment of new appellate counsel.  See
Bledsoe, 178 S.W.3d at 826–27.  We direct the trial court to appoint new
counsel to represent appellant on appeal.  The trial court shall furnish the
name, address, telephone number, and state bar number of new counsel by its
order appointing new counsel.  The order shall be included in a supplemental
clerk’s record, which shall be filed with the clerk of this court by January
21, 2013.  Appellant’s brief shall be due thirty days from the date of the
trial court’s appointment of new counsel.  All other appellate deadlines shall
be in accordance with the Texas Rules of Appellate Procedure.

The
motion to withdraw is granted, and the appeal is abated and remanded to the
trial court in accordance with this order.

                                                                              

December 21,
2012                                                                             PER
CURIAM           

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Willson, J.